HOOPER, Chief Justice
(dissenting).
Because the arbitration agreement signed by Millicent Johnson states that it covers all claims concerning loan-contract agreements, any and all insurances, and any elective memberships, this Court should revisit the issue it decided in Liberty Finance, Inc. v. Carson, [Ms. 1990400, August 4, 2000] — So.2d —(Ala.2000).
Johnson entered into a consumer-loan agreement with Liberty Finance, Inc. She alleges that as part of the agreement, she was required to purchase credit-life and credit-disability insurance. She also alleges that because her 1986 Oldsmobile automobile stood as collateral for the loan, she was required to purchase automobile insurance as part of the loan agreement. Both the credit insurance and the automobile insurance, collectively called the “collateral protection plan,” were issued through CNL Insurance America, Inc. (“CNL”), with Liberty Finance acting as its agent. In connection with the loan transaction and the purchase of insurance, Johnson filed a complaint against Liberty Finance and CNL, alleging breach of con *705 tract, fraudulent sale and pricing of credit insurance and property insurance, and violations of the Alabama Mini-Code. Johnson and CNL subsequently entered into a pro tanto settlement of all claims asserted against CNL.
On the basis of arbitration agreements signed by Johnson when she entered into the loan agreement, Liberty Finance sought to compel arbitration against Johnson. One of those agreements read:
“PRE-DISPUTE BINDING ARBITRATION AGREEMENT
“ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO ANY BENEFITS OR COVERAGE HEREUNDER OR THE BREACH THEREOF, SHALL BE SETTLED BY BINDING ARBITRATION IN ACCORDANCE WITH THE DISPUTE RESOLUTION PROCEDURES FOR INSURANCE CLAIMS OF THE AMERICAN ARBITRATION ASSOCIATION AND IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT. THE ARBITRATION SHALL BE HELD BEFORE AN ARBITRATOR APPOINTED PURSUANT TO THE DISPUTE RESOLUTION PROCEDURES FOR INSURANCE CLAIMS. JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. ALL STATUTES OF LIMITATION THAT WOULD OTHERWISE BE APPLICABLE SHALL APPLY TO ANY ARBITRATION PROCEEDING.
“I (WE): (1) HAVE READ (2) UNDERSTAND (3) RECEIVED A COPY OF AND (4) ACCEPT THE TERMS OF THE PRE-DISPUTE BINDING ARBITRATION AGREEMENT WHICH COVERS THE FOLLOWING AS PERTAINS TO LOAN NUMBER 157515.
“ *LOAN CONTRACT AGREEMENT
“ -ANY AND ALL INSURANCES
“ *ANY ELECTIVE MEMBERSHIPS.”
(C. 53 & 91.) Johnson argued that because Liberty Finance was not a signatory to the arbitration agreement and because, she asserted, the arbitration provision was not broad enough to include her fraud-based claims, Liberty Finance’s motion to compel arbitration should be denied. The trial court denied Liberty Finance’s motion to compel, but offered no grounds for its denial. Liberty Finance then appealed the denial of its motion to this Court.
The only basis I can conceive of for this Court to affirm the trial court’s order is the decision in Carson, supra. The facts of Carson are almost identical to those of this present case: Carson sued Liberty Finance and CNL, alleging fraud in connection with a consumer loan she had obtained. She alleged that in connection with the loan, she was required to purchase credit-life and credit-disability insurance, in addition to automobile insurance on her 1986 Buick Park Avenue and her 1986 Oldsmobile Brougham, which she had used as collateral for the loan. Among the allegations listed in Carson’s complaint were that Liberty Finance had committed (1) a fraudulent sale of credit insurance and automobile insurance, (2) a fraudulent sale of excessive property insurance, (3) fraud regarding the price of insurance, and (4) a Mini-Code violation in regard to the sale of insurance. Liberty Finance moved to stay proceedings and to compel arbitration; the trial court denied its motion, on the basis that the arbitration provision contained in Liberty Finance’s loan document — virtually identical to the arbitration *706 provision in the instant case[1] — -was too narrow to embrace the plaintiffs claims. This Court affirmed this conclusion by the trial court:
“ ‘The fraud claims of plaintiff in the present case do not relate to any dispute, controversy, or claim arising out of or relating to any benefits or coverage or the breach thereof, but instead arise from the alleged requirement that plaintiff purchase unneeded insurance. Fully cognizant of the policy favoring arbitration and that ambiguities as to the scope of arbitration clauses should be resolved in favor of arbitration, the court finds that the arbitration clause before the court is not susceptible of any reasonable interpretation that covers the asserted claim.’ ”
— So.2d at —. This Court further elaborated on the trial court’s holding:
“Here, as in American Bankers [Life Assur. Co. v. Rice Acceptance Co., 709 So.2d 1188 (Ala.1998) ], the arbitration clause has a very narrow coverage. The arbitration clause is limited to ‘[a]ny dispute, controversy or claim arising out of or relating to any benefits or coverage hereunder or the breach thereof.’ It is clearly limited to disputes regarding the meaning or interpretation or breach of the agreement. Both the clause in American Bankers and the clause before us were written to address specific disputes, and they are not broad enough to encompass fraud claims. Resolution of the fraud claims presented in the instant case will not require an inquiry into the meaning of the loan document or the parties’ performance in regard to the terms of that document; thus, the fraud claims are not subject to the arbitration provision.... ”
— So.2d at —.
I dissented in Carson, concluding that the provision of Carson’s arbitration agreement stating that the agreement applies to “any and all insurances” pertaining to Carson’s transaction would include the insurance Carson alleged that she was required to purchase under the loan agreement. Therefore, I contended that the arbitration provision embraced Carson’s claims regarding the purchase of insurance and that the trial court had erred in denying Liberty Finance’s motion to compel arbitration.
The arbitration provision in Carson[2] is virtually identical to the one presented in *707 the instant case, and the claims raised in Carson are virtually identical to the ones raised now by Johnson. I must point out in this case, as I did in Carson, that the arbitration agreement clearly states that it covers “any dispute, controversy or claim arising out of or relating to any benefits or coverage hereunder or the breach thereof,” including the “loan contract agreement,” “any and all insurances,” and “any elective memberships” as they pertain to Johnson’s loan. Therefore, it is my opinion that while the trial court did not err in following the Carson decision and thus denying Liberty Finance’s motion to compel arbitration, this Court erred in Carson.
MADDOX, J., concurs.

. The arbitration provision in Carson read:
“PRE-DISPUTE BINDING ARBITRATION AGREEMENT
“ANY DISPUTE, CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO ANY BENEFITS OR COVERAGE HEREUNDER OR THE BREACH THEREOF, SHALL BE SETTLED BY BINDING ARBITRATION IN ACCORDANCE WITH THE DISPUTE RESOLUTION PROCEDURES FOR INSURANCE CLAIMS OF THE AMERICAN ARBITRATION ASSOCIATION AND IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT. THE ARBITRATION SHALL BE HELD BEFORE AN ARBITRATOR APPOINTED PURSUANT TO THE DISPUTE RESOLUTION PROCEDURES FOR INSURANCE CLAIMS. JUDGEMENT UPON THE AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. ALL STATUTES OF LIMITATION THAT WOULD OTHERWISE BE APPLICABLE SHALL APPLY TO ANY ARBITRATION PROCEEDING.
"I (WE): (1) HAVE READ; (2) UNDERSTAND; (3) RECEIVED A COPY OF; AND (4) ACCEPT THE TERMS OF THE PRE-DISPUTE BINDING ARBITRATION AGREEMENT WHICH COVERS THE FOLLOWING AS PERTAINS TO LOAN NUMBER 171813.
" TOAN CONTRACT AGREEMENT
“ *ANY AND ALL INSURANCES
“ *ANY ELECTIVE MEMBERSHIPS”
— So.2d at — (Hooper, C.J., dissenting.)

. Liberty Finance was the defendant seeking to compel arbitration in Carson.